[Dkt. Ent. 2]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| Leon Hinkle, Jr. | : |
| Plaintiff, | : Civil No. 11-02345 |
| v. | : |
| | : **MEMORANDUM ORDER** |
| United States of America, | : |
| Defendant. | : |

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion to dismiss
for failure to state an actionable claim and for lack of subject-
matter jurisdiction, pursuant to Federal Rules of Civil Procedure
12(b)(1) and (6), by defendant United States of America
("Defendant").  Plaintiff Leon Hinkle, Jr., proceeding pro se,
sued federal employee Leslie Peligan for defamation and lost
wages in New Jersey state court.  The United States subsequently
substituted itself as defendant and removed the action to this
Court.  For the foregoing reasons, the Court grants Defendant's
motion to dismiss under Rule 12(b)(1).

**BACKGROUND**

Plaintiff initiated this action with the filing of a complaint against Peligan in the Superior Court of New Jersey, Burlington County, on February 17, 2011.  The Complaint provides no description of the events giving rise to Plaintiff's claims. Instead, Plaintiff merely lists his injuries as "lost wages" ("Count 1") and "defermation [sic] of character" ("Count 2"). (Ntc. Rmvl. 11.)  On April 25, 2011, Defendant removed the Complaint to this Court and substituted itself as the sole defendant in place of Peligan, pursuant to 28 U.S.C. § 2679(d)(2).[1]  Defendant's Notice of Removal states:

> Upon information and belief, Hinkle's allegations arise from his denial of access to Joint Base McGuire-Dix-Lakehurst ("JBMDL").  Peligan is a Reports and Analysis Manager with the 87th Security Forces Squadron, and part of her responsibilities include denial of access

---

[1] This statutory provision provides in relevant part:
Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States . . . . Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant.  This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.
28 U.S.C. § 2679(d)(2).  Plaintiff did not object to this removal or substitution.

> to JBMDL to individuals that threaten the orderly
> administration of the installation.

(Ntc. Rmvl. ¶ 3.)  Defendant subsequently filed the instant

motion to dismiss.  [Dkt. Ent. 2.]  Plaintiff responded with a

one-page letter to the Court, dated May 15, 2011, which this

Court construes as an opposition to the motion to dismiss.

Instead of addressing the merits of Defendant's arguments,

however, Plaintiff merely stated the following:

> Enclosed please find the documents I filed with the
> state against Leslie Peligan.  She caused great strain
> with decisions she made.  I wish to continue with this
> matter.  Im [sic] seeking employment pay I should have
> had if this didnt [sic] occur.  You will find the
> incident was resolved prior to her office.  She
> reopened the matter and caused me my employment.
> Seeking 2000.00 monthly for 12 months[.] 20 thousand
> dollars plus damages you see fit.

(Pl.'s Opp. 1, Dkt. Ent. 3.)  Plaintiff attached to this letter

various memoranda and correspondence, as well as paperwork

reflecting his pay records and an application for Social Security

benefits.  (Id.)  He also attached copies of the Summons and

Complaint and his filing fee waiver request.  (Id.)  While this

Court liberally construes Plaintiff's filing, as it must,[2] it

---

[2] The Court is mindful of the general notion that pro se filings
are held to a less stringent standard than filings made with the
benefit of a lawyer.  See Haines v. Kerner, 404 U.S. 519, 520-21
(1972) (holding a pro se complaint "to less stringent standards
than formal pleadings drafted by lawyers"); Giles v. Kearney, 571
F.3d 318, 322 (3d Cir. 2009) ("Where the plaintiff is a pro se
litigant, the court has an obligation to construe the complaint
liberally.").

appears that Plaintiff has not responded to Defendant's arguments pursuant to Rules 12(b)(1) and (6).  This motion is now ripe for adjudication.

## LEGAL STANDARD

Because this Court grants Defendant's first motion pursuant to Rule 12(b)(1), it need not reach Defendant's concurrent motion under Rule 12(b)(6).

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the face of the complaint or its underlying facts.  Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009); Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)).  A facial attack questions the sufficiency of the pleading, and requires the trial court to accept the allegations in the complaint as true.  Common Cause of Pa., 558 F.3d at 257; Pittman, 2009 WL 3207854, *1.  A factual attack, by contrast, calls upon the court to weigh the evidence.  Pittman, 2009 WL 3207854, *1.  Here, the Court will presume the truth of Plaintiff's allegations, since the motion challenges only the sufficiency of the Complaint.

## DISCUSSION

4

Generally, claims against the United States are barred by the doctrine of sovereign immunity, unless the immunity is waived.  United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); United States v. Mitchell, 445 U.S. 535, 538 (1980), reh'g den'd, 446 U.S. 992 (1980); see also, F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  Absent a specific waiver of sovereign immunity, courts lack subject matter jurisdiction over claims against the federal government.  See Mitchell, 445 U.S. at 538.  Thus, if a claim against the United States is not waived by statute or otherwise, a court must dismiss the claim for lack of subject-matter jurisdiction.  Id.; White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).

The Federal Tort Claims Act ("FTCA" or the "Act"), 28 U.S.C. §§ 1346, 2671-80 operates as a limited waiver of federal sovereign immunity and permits suit against the United States for alleged negligence by federal employees.  White-Squire, 592 F.3d at 456; 28 U.S.C. § 1346(b)(1).  Specifically, the FTCA gives federal courts jurisdiction over torts committed by "any employee of the Government while acting within the scope of his office or employment . . . ."  28 U.S.C. § 1346(b)(1).  An "employee of the government" includes officers or employees of any federal agency, members of the military, and persons acting on behalf of a federal agency in an official capacity.  28 U.S.C. § 2671.

Courts have recognized that, under the statutory language,

Congress intended the FTCA to impose liability on the federal

government for the negligent wrongs of its employees under the

common law principle of respondeat superior.  See, e.g., Laird v.

Nelms, 406 U.S. 797, 801 (1972), reh'g den'd, 409 U.S. 902

(1972); United States v. Becker, 378 F.2d 319, 321 (9th Cir.

1967).

When bringing suit under the FTCA, a plaintiff must comply

with the Act's procedural requirements, which are strictly

construed.  White-Squire, 592 F.3d at 456 ("Because the Federal

Tort Claims Act constitutes a waiver of sovereign immunity, the

Act's established procedures have been strictly construed.").

In its Notice of Removal, Defendant asserts that the FTCA

applies to Plaintiff's claims.[3]  Plaintiff does not dispute this.

While the facts before this Court are limited, it appears that

Plaintiff seeks money damages for lost wages against Peligan, a

federal official, whom he alleges acted negligently or wrongfully

---

[3] Claims against the United States are cognizable under the FTCA
if they are: (1) against the United States, (2) for money
damages, (3) for injury or loss of property, (4) caused by the
negligent or wrongful act or omission of any employee of the
federal government, (5) while acting within the scope of the
employee's office or employment, (6) under circumstances where
the United States, if a private person, would be liable to the
claimant in accordance with the law of the place where the act or
omission occurred.  Deutsch v. United States, 67 F.3d 1080, 1091
(3d Cir. 1995) (citing 28 U.S.C. § 1346(b); FDIC, 510 U.S. at
476).

within the scope of her employment by denying him access to his

place of employment at JBMDL.   Thus, the Court finds it

appropriate to consider Plaintiff's claims under the framework of

the FTCA.   See, supra, n.3.

### Lost Wages Claim

The FTCA bars a claimant from bringing suit in a district

court unless he has first exhausted administrative remedies.  See

28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S.

106, 113 (1993); Deutsch, 67 F.3d at 1091.  Specifically, 28

U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against
> the United States for money damages . . . unless the
> claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent
> by certified or registered mail.[4]

These procedures "were intended to ensure that meritorious claims

can be settled more quickly without the need for filing suit and

possible expensive and time-consuming litigation."  Pascale v.

United States, 998 F.2d 186, 188 (3d Cir. 1993) (internal

quotations and citations omitted).

---

[4] Section 2675(a) also includes a "deeming" provision, which
permits a claimant to treat the agency's failure to act as a
final denial of the claim:
> The failure of an agency to make final disposition of a
> claim within six months after it is filed shall, at the
> option of the claimant any time thereafter, be deemed a
> final denial of the claim for purposes of this section.

A tort claim against the United States is also time-barred unless a claimant (1) presents the claim in writing to the appropriate federal agency within two years after the claim accrues, and (2) files the action in the district court within six months after a final decision of the claim by the agency to which it was presented.  See 28 U.S.C. § 2401(b); Pascale, 998 F.2d at 188.  The requirements that a claimant timely present his or her claim to the appropriate agency and that he or she do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court.  Deutsch, 67 F.3d at 1091.

In this case, Defendant submitted an affidavit with its motion to dismiss from Jeremy L. Mooney, a Claims Attorney at the Air Force Office of the Staff Judge Advocate at JBMDL.  (Mooney Aff., Apr. 29, 2011, Dkt. Ent. 2-2.)  Mooney avers that he personally searched the tort claim records in his possession as well as the Armed Forces Claims Information Management System, an Air Force information management system that contains information on all claims filed against the Air Force within any jurisdiction.  He confirmed that Plaintiff has never presented the Air Force with an administrative tort claim in connection with lost wages and defamation.  (Id.)  Plaintiff did not dispute Mooney's averments in his opposition brief.  Indeed, Plaintiff has not alleged any facts indicating that he has presented any

possible claims to the appropriate federal agency.  Since failure

to exhaust administrative remedies is a jurisdictional bar to

suit under the FTCA, the Court dismisses the Complaint without

prejudice.[5]

### Defamation Claim

The FTCA provides only a limited waiver of the United

States' sovereign immunity.  White-Squire, 592 F.3d at 456

(citing Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003),

cert. den'd, 543 U.S. 874 (2004)).  It expressly exempts from

this waiver certain intentional torts, such as "libel, slander,

misrepresentation, [and] deceit".  28 U.S.C. § 2680(h).

Defamation suits against the United States are thus prohibited,

and a plaintiff who is defamed by a federal employee acting

within the scope of his or her employment has no remedy under the

FTCA.  See Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir.

2000), cert. den'd, 532 U.S. 958 (2001); Izzo v. U.S. Gov't, 138

Fed. Appx. 387, 389 (3d Cir. 2005) ("Defamation is not included

in the list of actions for which the United States has waived

immunity under the Federal Tort Claims Act").  This Court

---

[5] It appears that the two-year statutory period for Plaintiff to present his claim to the appropriate agency under the FTCA may not have run as of this date.  Thus, Plaintiff may choose to pursue his claims in this Court after first exhausting his administrative remedies as required by the FTCA.

therefore lacks jurisdiction to hear Plaintiff's claim for defamation and, accordingly, dismisses that claim with prejudice.

**Rule 12(b)(6) Motion**

Furthermore, the Complaint would easily fail under Rule 12(b)(6), due to Plaintiff's failure to allege any facts to establish a plausible claim for relief.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.") (internal citations and quotations omitted).  Since the Court grants Defendant's motion to dismiss under Rule 12(b)(1), it does not reach this issue, and thus dismisses this motion as moot.

ACCORDINGLY, IT IS on this **7th** day of **July 2011**, hereby:

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(1) [Dkt. Ent. 2] is **granted**; and it is further

**ORDERED** that Count 1 for lost wages is **dismissed without prejudice**, and Count 2 for defamation is **dismissed with prejudice**; and it is further

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **dismissed as moot**; and it is finally

10

**ORDERED** that the Clerk of the Court shall **close** this file.


s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE